725 F.2d 477
 In re Albert PRIEST, Jr., Debtor.
Albert PRIEST, Jr., Plaintiff,
v.
PROGRESSIVE SAVINGS & LOAN ASSOCIATION, a corporation,
Trusten E. Apperson and Janet J. Apperson, husband and wife,
West Whittier Paint Co., Western Medical Commercial
Exchange, Inc., a corporation, State of California, State
Board of Equalization, Guadalupe Priest, wife of plaintiff
herein, Curtis B. Danning, interim trustee, Defendants.
Internal Revenue Service, United States of America,
Defendant-Appellant,
State of California, Employment Development Department,
Defendant-Appellee.
PROFESSIONAL ESCROW SERVICES, a California corporation, Plaintiff,
v.
Esther B. MENDELSOHN, Robert Muchinikoff, Anita R.
Muchnikoff, Robert Muchnikoff and Anita Muchnikoff
dba Bob's Luncheonette and Does 1
through 10, inclusive, Defendants.
State of California, Employment Development Department,
Defendant-Appellee,
Internal Revenue Service, Defendant-Appellant.
 Nos. 82-5321, 82-5392.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 9, 1983.
Decided Jan. 30, 1984.
 
 Gayle P. Miller, Atty., Dept. of Justice, Washington, D.C., for defendant-appellant.
 Diane M. Spencer, Deputy Atty. Gen., Los Angeles, Cal., for defendant-appellee.(Opinion August 10, 1983, 9 Cir., 1983, 712 F.2d 1326).
 Appeals from the Judgment of the United States Bankruptcy Court for the Central District of California; Calvin K. Ashland, Bankruptcy Judge, Presiding, and Judgment of the United States District Court for the Central District of California; David V. Kenyon, District Judge, Presiding.
 Before CHAMBERS, HUG and CANBY, Circuit Judges.
 
 
 1
 The amended opinion, 712 F.2d 1326, in these matters is further amended by inserting the following wording commencing at the final two lines on page 3750 of the slipsheet and continuing until the wording now found at line 4 of page 3751 resumes, at line 3 column 1 page 1329 of 712 F.2d and continuing until the wording found at line 10 resumes:
 
 
 2
 the test of New Britain. We agree with the bankruptcy judge in Priest that under the current California statute, "a lien cannot arise prior to the taking of any administrative steps to establish the lien." The mere receipt of a delinquent State tax return under the present scheme is too vague and indefinite.